IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>　　Plaintiff,<br><br>　　　v.<br><br>CREDIT PROTECTION ASSOCIATION, LP<br>　　Defendant. | )<br>)　1:11-cv-6828<br>)<br>)<br>)<br>)<br>)<br>)　JURY DEMANDED<br>) |

**COMPLAINT**

**CLASS ACTION**

1. Plaintiff Nicholas Martin brings this action against Credit Protection Association, LP ("CPA") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper telephone calls made using an automatic telephone dialing system, and an artificial and prerecorded voice, to the cellular telephone of plaintiff and others similarly situated.

**JURISDICTION AND VENUE**

2. The Court has federal question jurisdiction over these TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or overruled, there is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendant, and the amount in controversy is more than $5,000,000.

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

4. Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 630-xxx-3271.

5. Credit Protection Association, LP is a debt collection agency.

**FACTS**

6. The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones.

7. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

8. CPA called plaintiff at least four times using a predictive dialer during 2011.

9. CPA left at least four telephone messages for plaintiff in 2011, each of which played a message that had been recorded ahead of time, and automatically played. Each of the messages also included reference to an account number that was spoken through a robotic voice.

10. Upon information and belief, based upon CPA's website, it is the practice of CPA to systematically use its predictive dialer and prerecorded/artificial messages.

11. CPA did not have plaintiff's consent to call plaintiff's cellular telephone using an automatic telephone dialing system. CPA did not have plaintiff's consent to call plaintiff's cellular telephone using a recorded or artificial voice message.

12. Upon information and belief, CPA does not ensure that it has recipients' "prior express consent" before it calls cellular telephone numbers using its (a) predictive dialer, or (b) prerecorded messages.

2

# COUNT I – TCPA

13. Plaintiff incorporates all previous paragraphs of this complaint.

14. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system.

15. It is also a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone and use an artificial or prerecorded voice.

16. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using the regulated equipment.

17. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

## **Class Allegations**

18. Plaintiff brings Count I on behalf of a class, which consists of:

All persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

19. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system as that term us defined in the TCPA and applicable FCC regulations and orders;

3

      b.      Whether defendant used an artificial or prerecorded voice during such calls; and

      c.      Damages, including whether the violation was willful.

20.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

21.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

22.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

23.     Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

24.     The identity of the class is likely readily identifiable from defendant's records.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of himself and the class and against defendant that provides the following relief:

    a.    Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b.    A declaration of the parties' TCPA rights and responsibilities;

    c.    A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

    d.    Any other relief the Court finds just and proper.

Respectfully submitted,

/s/ Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020

Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke