IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CREDIT PROTECTION ASSOCIATION, ) LP, ) ) Defendant. ) | No. 1:ll-cv-6828 |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT - CLASS ACTION

Defendant, Credit Protection Association, LP by and through its attorneys David M. Schultz and Justin M. Penn and for its Answer and Affirmative Defenses to plaintiff's Complaint – Class Action, states as follows:

1. Plaintiff Nicholas Martin brings this action against Credit Protection Association, LP ("CPA") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") arising out of improper telephone calls made using an automatic telephone dialing system, and an artificial and prerecorded voice, to the cellular telephone of plaintiff and others similarly situated.

**ANSWER: Defendant admits that the plaintiff's complaint purports to allege violations of the TCPA. Defendant denies that any such violation occurred, denies that a class exists or should be certified, and denies the remaining allegations contained in Paragraph 1, if any.**

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over these TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). If *Brill* were to be abrogated or overruled, there is also CAFA jurisdiction because at least one class member is a citizen of a state different than that of defendant, and the amount in controversy is more than $5,000,000.

**ANSWER: Defendant denies the allegations contained in Paragraph 2.**

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 3 because it does not know where the plaintiff resides.**

## PARTIES

4. Plaintiff is an individual who resides in this District. Plaintiff's cellular telephone number is 630-xxx-3271.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in Paragraph 4 because it alleges information not within CPA's control.**

5. Credit Protection Association, LP is a debt collection agency.

**ANSWER:** Defendant objects to the allegations contained in Paragraph 5 to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it collects upon delinquent debts owed to others, and denies the remaining allegations contained in Paragraph 5, if any.

## FACTS

6. The TCPA prohibits the use of "automatic telephone dialing systems" to call cellular telephones.

**ANSWER:** Defendant objects to the allegations contained in Paragraph 6 to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 accurately characterize the nature, scope, and obligations of the TCPA when read as a whole.

7. "Automatic telephone dialing system" means any equipment that has the "capacity to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

**ANSWER:** Defendant objects to the allegations contained in Paragraph 7 to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in

130215237v1 0859800

**Paragraph 6 accurately characterize the nature, scope, and obligations of the TCPA when read as a whole.**

8.  CPA called plaintiff at least four times using a predictive dialer during 2011.

   **ANSWER:  Defendant denies the allegations contained in Paragraph 8.**

9.  CPA left at least four telephone messages for plaintiff in 2011, each of which played a message that had been recorded ahead of time, and automatically played. Each of the messages also included reference to an account number that was spoken through a robotic voice.

   **ANSWER:  Defendant admits that it called plaintiff at least four times, and played a recorded message. Defendant denies that the remaining information contained in Paragraph 9 accurately characterizes the nature and content of those calls.**

10.  Upon information and belief, based upon CPA's website, it is the practice of CPA to systematically use its predictive dialer and prerecorded/artificial messages.

   **ANSWER:  Defendant denies the allegations contained in Paragraph 10.**

11.  CPA did not have plaintiff's consent to call plaintiff's cellular telephone using an automatic telephone dialing system. CPA did not have plaintiff's consent to call plaintiff's cellular telephone using a recorded or artificial voice message.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11. Further answering the allegations contained in Paragraph 11, defendant refers to the Work Order attached hereto as Exhibit A, in which plaintiff provides the number which he now contends is a cell phone number to Comcast, the original creditor.

12. Upon information and belief, CPA does not ensure that it has recipients' "prior express consent" before it calls cellular telephone numbers using its (a) predictive dialer, or (b) prerecorded messages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12.

### COUNT I - TCPA

13. Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:** Defendant incorporates its responses to Paragraphs one through twelve as if fully restate and realleged herein.

14. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system.

**ANSWER:** Defendant objects to the allegations contained in Paragraph 14 to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 accurately characterize the nature, scope, and obligations of the TCPA when read as a whole.

5

15. It is also a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone and use an artificial or prerecorded voice.

**ANSWER: Defendant objects to the allegations contained in Paragraph 15 to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 15 accurately characterize the nature, scope, and obligations of the TCPA when read as a whole.**

16. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using the regulated equipment.

**ANSWER: Defendant objects to the allegations contained in Paragraph 16 to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16.**

17. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

**ANSWER: Defendant objects to the allegations contained in Paragraph 17 to the extent they call solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 17.**

130215237v1 0859800

## Class Allegations

18. Plaintiff brings Count I on behalf of a class, which consists of:

> All persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

**ANSWER:  Defendant admits that plaintiff purports to represent a class of Illinois and Indiana individuals, but denies that a class exists as defined above.**

19. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant used an automatic telephone dialing system as that term us defined in the TCPA and applicable FCC regulations and orders;

   b. Whether defendant used an artificial or prerecorded voice during such calls; and

   c. Damages, including whether the violation was willful.

**ANSWER:  Defendant denies the allegations contained in Paragraph 19.**

20. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is

7

interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 20.**

21. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 21.**

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 22.**

23. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 23.**

24. The identity of the class is likely readily identifiable from defendant's records.

**ANSWER:   Defendant denies the allegations contained in Paragraph 24.**

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:   Defendant denies the allegations contained in Paragraph 25.**

### AFFIRMATIVE DEFENSES

*First Affirmative Defense – Arbitration*

1. Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for plaintiff's claims, as defendant may possess certain arbitration rights based on contracts entered into by plaintiff, and this matter may be precluded from proceeding within the United States District Court.

*Second Affirmative Defense – Consent*

1. Plaintiff consented to receive prerecorded message calls and auto-dialed calls on his cell phone by providing his phone number to the creditor.

*Third Affirmative Defense – Equitable Estoppel*

1. Defendant states that Plaintiff is estopped from bringing his claims pursuant to his own conduct, namely providing a telephone number to the original creditor and identifying the number as a home number, which he now complains is a cell number.  Exhibit A.

2. As a result the defendant suffered prejudice by calling a number it believed is good faith to be the number on which plaintiff wished to be contacted, and which he identified as his home number.

3. Plaintiff seeks equitable remedies.  Courts should not grant a judgment or other legal relief to a party who has not acted fairly by having made false

9

representations or concealing material facts from the other party. Therefore, the doctrine of equitable estoppel bars plaintiff's equitable claims.

### *Fourth Affirmative Defense – Unclean Hands*

1. Plaintiff's conduct, namely providing a telephone number to the original creditor and identifying the number as a home number (Exhibit A), represents his own attempt to create confusion as to the identify of his number, and his consent to call the number, in an effort to manufacture a TCPA class action.

2. Plaintiff has filed over twenty lawsuits in the United States District Court for the Northern District of Illinois.

3. Plaintiff has received monetary payments to settle over twenty lawsuits in the United States District Court for the Northern District of Illinois.

4. Plaintiff seeks equitable remedies, but he has come to this Court having acted inequitably. In lights of his own inequitable conduct, plaintiff cannot seek equitable remedies.

### *Fifth Affirmative Defense – Lack of Subject Matter Jurisdiction*

1. This Court lacks subject matter jurisdiction of [the alleged claim(s)] [this action] under the TCPA. The TCPA provides that a person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state, an action for an injunction and/or damages. 47 U.S.C. § 227(b)(3)

2. Several courts of appeals have ruled that a TCPA action may be brought only in state court, while some hold that a federal court can hear TCPA cases based upon diversity of citizenship.

3. Although *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), states that a TCPA claim may be brought in a federal district court, the United States Supreme Court has not yet ruled on this issue of subject matter jurisdiction of actions under the TCPA.

4. Congress, in the TCPA, has legislated that suits under the TCPA shall be brought in state court.

5.      The Federal Communications Commission ("FCC") has indicated that any TCPA claim should be brought in state court.  In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014 (FCC 2003), 18 FCC Rcd. 14041, 2003 WL 21517853, at *70.

6.      *Brill* was contrary to the FCC's position and, under the Hobbs Act 47 U.S.C. § 402, barred the Seventh Circuit from ruling in the manner that it did.

7.      In the event *Brill* is overturned, this Court does not have subject matter jurisdiction.

WHEREFORE, Defendant, Credit Protection Association, L.P. respectfully requests that the Court dismiss the Complaint in its entirety and grant such other and further relief in its favor as the Court deems just and proper.

                                                Respectfully Submitted,

                                                Credit Protection Association, L.P.

                                                By:    */s/Justin M. Penn*
                                                      One of the Attorneys for defendant

David M. Schultz
Justin M. Penn
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL  60601
312-704-3000

11

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I filed Defendant Credit Protection Association, L.P.'s Answer and Affirmative Defenses to Plaintiff's Complaint – Class Action through the Court's ECM/CF system on November 16, 2011, which will cause electronic notification of this filing to be sent to all counsel of record.

/s/Justin M. Penn

130215237v1 0859800