IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>　　Plaintiff,<br><br>　　v.<br><br>CREDIT PROTECTION ASSOCIATION, L.P.,<br>　　Defendant. | )<br>)　1:11-cv-6828<br>)　Judge Hibbler<br>)　Magistrate Judge Ashman<br>)<br>)<br>)　JURY DEMANDED<br>)<br>)<br>) |

**Joint Discovery Plan**

Discovery Plan. The parties, represented by Alexander Burke for plaintiff and the class, and Justin Penn for Credit Protection Association, LP, met and conferred regarding this case pursuant to Fed.R.Civ.P. 26(f).

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

　　Rule 26(a)(1) disclosures: December 9, 2011;
　　Amendments to pleadings: Plaintiff suggests April 20, 2010, and Defendant suggests February 29, 2010;
　　Close of Discovery: May 31, 2011;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

　　Plaintiff will need discovery regarding defendant's dealings with plaintiff and the class members, including the automated calls to such persons, and any defenses defendant may attempt to raise.

　　Defendant will need discovery on the affirmative defenses, much of which can be obtained from the plaintiff. To the extent that the plaintiff cannot provide this information (or objects to it), it can be obtained from third parties involved in the other cases he filed.

(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

The parties discussed ESI, and defendant has assured plaintiff that is preserving all electronic data relating to this case, including records of any automated calls. The parties have not yet identified any problems that might arise.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

The parties anticipate any such agreements to be in writing, but have made any such agreements to date.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

The parties do not envision any changes to the limitations on discovery.

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

Although defendant objects to treatment of this case as a class action, the parties agree that any personally identifiable information concerning class members may require a protective order.

Respectfully submitted,


/s/Alexander H. Burke
Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

/s/Justin M. Penn

Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, Illinois 60601
Direct: (312) 704-3157
Fax: (312) 704-3001
jpenn@hinshawlaw.com