# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6828 | **DATE** | 4/25/2012 |
| **CASE TITLE** | Martin vs. Credit Protection Assn. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in this order, the Court denies defendant's motion for judgment on the pleadings or, in the alternative, to strike the class allegations [docket no. 13]. Prior to the 5/14/12 status hearing, counsel should discuss and attempt to agree on a proposed pretrial schedule, including a deadline for seeking class certification.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff Nicholas Martin has sued Credit Protection Association, LP (CPA) under the Telephone Consumer Protection Act (TCPA). He seeks to represent a class of similarly situated individuals. CPA has moved for judgment on the pleadings and to strike Martin's class allegations.
    Martin alleges that CPA contacted him on his cellular telephone using an automatic telephone dialing system and an artificial or prerecorded voice in violation of the TCPA. 47 U.S.C. § 227(b)(1)(A). CPA contends that it contacted Martin on behalf of Comcast to collect equipment that Comcast had rented to him. The parties agree that if this is true, Martin consented to be contacted by CPA and thus CPA is not liable.
    CPA attached to its answer a Comcast work order that purports to concern Martin. It contains Martin's name and the cellular number that he alleges CPA called. There are two signatures at the bottom of the work order. Martin contends that he did sign the work order, and he contests its authenticity.
    On a motion for judgment on the pleadings, the Court "view[s] the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "Rule 12(c) permits a judgment based on the pleadings alone. The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The documents the Court considers, however, should be "concededly authentic." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).
    Martin's complaint states that CPA did not have his consent to call him on his cellular phone. Compl. ¶ 11. The Court must accept this allegation as true for purposes of the present motion. Although generally an exhibit to the complaint "trumps the allegations," here the work order was attached to the answer, and the parties dispute its authenticity. *See Northern Ind. Gun & Outdoor Shows*, 163 F.3d at 454–55 (rejecting contention that exhibit trumped allegation when exhibit was not central to prima facie case and contained self-serving assertions of defendant). Given the procedural posture of the case, the pleadings do not demonstrate that Martin consented to be contacted.

## STATEMENT

CPA also moves to strike Martin's class action allegations. It argues first that he is not a proper class representative because he consented to be contacted. As discussed above, however, this is a contested allegation. CPA also contends that the class defined in the complaint is an impermissible "fail-safe" class. The class Martin identifies includes all persons whom CPA called on their cellular phone using an automatic dialing system and a prerecorded message, where CPA "cannot show that it had the consent of the called party to make such a call." Compl. ¶ 18. CPA argues that Martin's class "is defined so that whether a person qualifies as a member depends on whether the person has a valid claim. Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012).

The issue of whether the class definition is improper is more appropriately resolved on a motion for class certification, when the Court will have not just an allegation in a complaint but a motion seeking certification of a particular class. CPA cites several out-of-circuit district court cases indicating that a court *may* strike class allegations at this stage but none indicating that a court *must* do so.