**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) | |
| Plaintiff, | ) | 1:11-cv-6828 |
| | ) | Judge Kennelly |
| | ) | Magistrate Judge Ashman |
| v. | ) | |
| | ) | JURY DEMANDED |
| CREDIT PROTECTION ASSOCIATION, L.P., | ) | |
| Defendant. | ) | |
| | ) | |

<u>**PLAINTIFF'S MOTION TO COMPEL**</u>

Plaintiff respectfully requests that this Court enter an order compelling defendant to properly respond to discovery in this case relating to its "prior express consent" affirmative defense, and set a date-certain by which all information and documents/data must be produced regarding prior express consent. In support of this motion, plaintiff states:

The TCPA prohibits creditors from making debt collection calls to cell phones using an "automatic telephone dialing system" and/or using an "artificial or prerecorded voice message." *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012); Griffith v. Consumer Portfolio Serv., Inc., 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011).

An affirmative defense exists if the defendant can prove that it had the "prior express consent" of the person it called. *Soppet v. Enhanced Recovery Co., LLC*, --- F.3d ----, 2012 WL 1650485, (7th Cir. May 11, 2012); *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 761 (N.D.Ill. 2011).

Prior express consent for a debt collection agency like CPA is exhibited by showing, through clear and convincing evidence, that it (or the creditor) received the phone number

called from the "called party." *Soppet*, 2012 WL 1650485 (7th Cir. May 11, 2012) (defining

"called party" for purposes of consent defense); *In re Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14,079 ¶ 113 & 14,105 ¶150

(July 3, 2003) (clear and convincing standard).

Plaintiff issued the discovery requests attached as Exhibit A, upon defendant Credit

Protection Association, LP ("CPA"), on October 19, 2011. CPA responded on December 21,

2011. Exhibit B. Interrogatories 4 & 5, and document requests 3 & 4 have to do with "prior

express consent." Those requests are:

Int. 4: Identify each telephone call to each of the following set of persons:

> persons with Illinois and Indiana phone numbers, who defendant or some
> person on its behalf called on their cell phone using a device that has the
> capacity to dial numbers without human intervention, where defendant played a
> message that had been recorded ahead of time, where defendant cannot show
> that it had the consent of the called party to make such a call, where any call was
> made between and including a date four years prior to the filing of this action.

Int. 5: For each of the following persons, identify all data, documents, testimony,
information or anything else that supports any claim that you had that person's prior
express consent to call using an "automatic telephone dialing system" or prerecorded or
artificial voice, and explain precisely how such data, documents, testimony or
information supports such claim for each such person:

> persons with Illinois and Indiana phone numbers, who defendant or some
> person on its behalf called on their cell phone using a device that has the
> capacity to dial numbers without human intervention, where defendant played a
> message that had been recorded ahead of time, where defendant cannot show
> that it had the consent of the called party to make such a call, where any call was
> made between and including a date four years prior to the filing of this action.

Doc.Req. 3: All documents that support or refute any affirmative defense in this case.

Doc.Req. 4: All documents for any person responsive to interrogatory 4 and 5,
including but not limited to identifying data, call records, prerecorded messages
used and materials related to prior express consent.

CPA's responses to these requests stated several objections, and then said that there are no persons within the parameters of these requests. Its reasoning: it never violated the TCPA, so the class is a null set. CPA has also provided only one page of documents purportedly supporting its "prior express consent" defense as to plaintiff.

During meet and confer talks, and before this Court, CPA conceded that it bears the burden to provide records regarding "prior express consent." When plaintiff's counsel pointed out that the discovery had been pending for seven months and that defendant had not provided any real response at as to the question of consent, counsel for defendant indicated that it would produce the materials at the close of discovery.

Plaintiff respectfully submits that production of materials by the close of discovery is insufficient. This is CPA's affirmative defense that plaintiff is asking about. Fed.R.Civ.P. 26(b)(1) expressly provides that information regarding a party's "defense" is discoverable:

> unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or <u>defense</u> -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [Fed.R.Civ.P. 26(b)(1); Emphasis added.]

Parties are also required to provide at least a description of witnesses and documents supporting their defense in their Fed.R.Civ.P. 26(a)(1) disclosures. This has not happened here.

Furthermore, every court to have considered this question, has compelled TCPA autodialer defendants to produce all evidence of consent. *Donnelly v. NCO Fin. Sys, Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009), defendant's Fed.R.Civ.P. 72 objections overruled by,

*Donnelly v. NCO Fin. Sys.Inc.*, 09 C 2264, 2010 U.S. Dist. LEXIS 9866 (N.D. Ill. Jan. 13, 2010) (Guzman, J.) ("For the reasons set forth in this order, the Court overrules NCO's objections to Magistrate Judge Nolan's December 16, 2008 Order and directs NCO to comply fully with it or face sanctions that may include striking its defenses."); *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *5, (N.D.Ill. June 13, 2011) (St. Eve, J); "If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place." *Balbarin v. North Star Capital Acquisition, LLC*, 2010 U.S. Dist. LEXIS 118992 * 3 (N.D. Ill. Nov. 9, 2010).

Further, CPA appears to be attempting to block class certification by refusing to provide information regarding its calls to the class members.

Nor has CPA has explained its prior express consent defense as to *plaintiff* in discovery. The sole explanation it has provided was in its motion to dismiss. This argument was made of whole cloth, and was based upon an unauthenticated document. There has been no discovery supplementation at all with respect to consent as to plaintiff, or the class.

Plaintiff is skeptical that CPA will be able to obtain any information at all from Comcast or the other creditors on whose behalf it called class members. Plaintiff issued a subpoena to Comcast, the alleged creditor in this case, and received several pages of records, none of which have anything to do with prior express consent, along with a letter emphasizing that:

**Please note that Comcast has no information on any communications with Credit Protection Association, LP regarding Nicholas Martin and account numbers xxxxxxxxxx and xxxxxxxxxx. Additionally, Comcast has no information for Nicholas Martin, phone number 630-xxx-3271.**

Exhibit C, emphasis original. Plaintiff included a signed, written consent/demand along with the original subpoena.

The Court should follow the cases that have granted motions like this, and compel CPA to provide full responses to interrogatories 4 and 5, and document requests 3 and 4, by some reasonable but short date-certain, with sufficient time for plaintiff to cross-examine any witnesses disclosed and review any documents produced.

**CONCLUSION**

For the reasons herein, plaintiff requests that the Court enter an order compelling Credit Protection Associatino, LP to timely provide responses to class and consent discovery requests.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | 1:11-cv-6828 |
| Plaintiff, | ) | Judge Hibbler |
| | ) | Magistrate Judge Ashman |
| v. | ) | |
| | ) | JURY DEMANDED |
| CREDIT PROTECTION ASSOCIATION, L.P., | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S FIRST DISCOVERY REQUESTS**

Plaintiff Nicholas Martin ( "plaintiff" or "Martin") hereby request that defendant Credit Protection Association, LP ("you," "CPA" or "Defendant") respond to the following requests for admissions, interrogatories, and document requests. Documents should be copied and sent to plaintiff's counsel on the date the response is due.

Throughout this request:

1.      Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2006 to September 28m, 2011.

2.      If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

1

3.      If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.      All requests are also directed to all parent, related, affiliate and subsidiary companies of defendant, to the greatest extent permissible under the discovery rules.

5.      The requested materials should be produced in native format with all metadata intact, together with a bates-stamped copy produced in pdf format to help keep track of materials that have, or have not, been produced. To the extent that defendant finds this to be unduly burdensome for any particular document or set of documents, plaintiff asks that defendant explain in what format it maintains such materials in its written response, and timely meet and confer with plaintiff's counsel regarding these issues before the responses are due. Data for class members should be produced in sql format; plaintiff's counsel requests that defense counsel meet and confer with plaintiff before the responses are due with regard to formatting in order to make such process as efficient as possible.

6.      "<u>Predictive Dialer</u>" as used herein means a telephone system that dials telephone numbers without human intervention.  "<u>Automated Message</u>" means any message during a telephone call that was (a) partially or completely recorded before the call was made, and (b) automatically relayed during a telephone call, without regard to whether such was performed to a live person, or on a  person's voice mail.

7.      For any request, if you contend that providing a complete response to any request is impracticable or impossible, please provide the most complete response as possible,

2

explain what components or responsive information or documents is missing, and why you contend production of those materials is impossible or impracticable.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit A.

If you contend that any paragraph of this request is ambiguous or unduly burdensome, please contact the undersigned immediately upon recognition of this contention, and an effort will be made to remedy the problem.

## REQUESTS FOR ADMISSION

1.      You used a Predictive Dialer to call 630-███3271 on January 19, 2011.

2.      You played an Automated Message during a call to 630-███3271 on January 19, 2011.

3.      You used a Predictive Dialer to call 630-███3271 on February 11, 2011.

4.      You played an Automated Message during a call to 630-███3271 on February 11, 2011.

5.      You used a Predictive Dialer to call 630-███3271 on February 14, 2011.

6.      You played an Automated Message during a call to 630-███3271 on February 14, 2011.

7.      You used a Predictive Dialer to call 630-███3271 on February 16, 2011.

8.      You played an Automated Message during a call to 630-███3271 on February 16, 2011.

9.      You made each of the calls above in attempts to recover a "digital phone modem" for Comcast.

10.     At the time of each of the calls above, Comcast had already received the "digital phone modem" that was the subject of the calls.

11.     Comcast received the letter attached as the second page of Exhibit A, on or about February 2, 2011.

12.     CPA's dialers are "automatic telephone dialing systems" as defined by the Federal Communications Commission in its January 4, 2008 order.

13.     All messages left by CPA that included an Automated Message message were "prerecorded messages" as that term is used in the TCPA.

14.     There are more than 1,000 persons that fall within the following criteria: persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

        Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

15.     There are more than 100 persons that fall within the following criteria:  persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

4

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

16.     As of responding the date of responding to this request for admission, defendant does not know whether or not it can prove prior express consent to have made calls using an automatic telephone dialing system or prerecorded or artificial voice, to more than 100 of the persons that fall within the following set:

persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

17.     Defendant does not have a practice of obtaining documentary proof of "prior express consent" before it uses its Predictive Dialer to call phone numbers.

**INTERROGATORIES**

1.     Identify all attempted and successful communications (including telephone calls) to and from plaintiff.  Include the date and time of each (including calls or attempted calls), who or what dialed the number, all messages (prerecorded or live),  all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used.

2.      Identify and explain all written and unwritten policies, practices and procedures concerning use of Predictive Dialers and Prerecorded Messages, going back to when you first considered using such, and ending at the present.

3.      Identify and state the location and the person who has possession, custody or control of any document, data or information regarding your Predictive Dialer or Prerecorded Messages, that is not being produced because of any objection, privilege, or because you contend that such is not within your possession, custody or control.

4.      Identify each telephone call to each of the following set of persons:

persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

For purposes of this interrogatory, "identify" means to provide at least the following information:  the number called, the person defendant was attempting to reach, the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left).  Please provide this information in a format that is accessible through Concordance software.

5.      For each of the following persons, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person:

persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

6.      Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each.  Please include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination.  Please respond to this interrogatory without regard to time; in other words, disregard the timeframe set forth in the instructions for these requests.  If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.

7.      Identify all documents, data and information that supports or refutes any claim or defense in this case, as to each class member, including plaintiff.

7

8.      Identify any third party involved with use or implementation of your Dialer or use of Prerecorded or artificial voice messages.  A complete response would include, for example, any supplier of Dialer software or hardware (e.g. Avaya), any person that makes or made calls on your behalf during the class period (i.e. Soundbite or Livevox), and any person that supplied voice message services.

9.      With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.      All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiffs' names or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

2.      All documents showing, or relating to, any policies, practices or procedures concerning calling or attempting to call telephone numbers using a Predictive Dialer or Prerecorded Message.  A full response would include manuals, memoranda and emails.  Please search the most likely places for this information to exist, including the computer files of

3.      All documents that support or refute any affirmative defense in this case.

4.      All documents for any person responsive to interrogatory 4 and 5, including but not limited to identifying data, call records, prerecorded messages used and materials related to prior express consent.

5.      All documents, data or other materials referenced in your response to any discovery request in this case.

6.      All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.

7.      All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Telephone Consumer Protection Act as they relate to making calls using a Predictive Dialer and/or Prerecorded Message.

8.      A copy of the complaint for any lawsuit against you for violation of the TCPA.

9.      A copy of any complaint (formal or informal), all supporting and internal documentation and your response, you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date.

10.      All documents from ACA International or other trade publications or conferences that concern making automated telephone calls to debtors, including but not limited to fastfax, internet items to which you or your attorney had access, flyers, publications, emails, audio files and presentations.

11.      All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.

12.    All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

13.    All organizational charts of defendant showing personnel.

14.    All organizational charts of defendant showing ownership and/or corporate structure.

15.    All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could determine whether a telephone number is or was a cellular telephone number.

16.    All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could use your Predictive Dialer or Prerecorded Message, and still comply with the TCPA.

17.    All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

18.    All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

19.    All documents received from third parties that relate to this case, without regard to time.  Responsive materials would include, for example, responses to subpoenas.


                                                        /s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**Exhibit A**

**INSTRUCTIONS AND DEFINITIONS**

**Definitions**

A. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or transcriptions of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B. References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C. "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D. "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E. "Identify" or "identification," when used with respect to a document, means to state the general nature' of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F. "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G. "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone conversation,

meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H. "Relates" includes constitutes, describes, discusses, ref1ects, refers to, and logically pertains to.

I. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq, implementing regulations 47 C.F.R. 64.1200, and all valid FCC opinions interpreting such.

**Instructions**

1. All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2. To the extent any paragraph is objected to, please set forth all reasons for your objection.

3. If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4. Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labeled to correspond with the paragraphs of the request for production.

5. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6. To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7. "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8. If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

**CERTIFICATE OF SERVICE**

I, Alexander H. Burke, certify that on October 19, 2011, I served this document via email delivery to:

> Justin Penn
> Hinshaw & Culbertson LLP
> 222 N. LaSalle, Suite 300
> Chicago, Illinois 60601
> JPenn@hinshawlaw.com

/s/Alexander H. Burke

# Exhibit A

NICHOLAS MARTIN
PO BOX 4030
CHICAGO, IL 60654-4030



7006 2760 0002 9228 0816

COMCAST
1255 W NORTH AVE
CHICAGO IL 60622-1562

Nicholas Martin
PO Box 4030
Chicago, IL 60654-4030

February 1, 2011

**SENT VIA USPS CERTIFIED MAIL – 7006 2760 0002 9228 0816**
Comcast
1255 W. North Ave.
Chicago, IL 60622-1562

Account #: ▮▮▮▮▮▮
Service Location: ▮▮▮▮▮▮▮▮▮▮▮ Chicago, IL 60613-▮▮

Ladies and Gentlemen:

I write in response to your January 24, 2011, letter. Please be advised that the Comcast "digital phone modem" which was leased for this account was returned.

Please remove my cell phone number, 630-▮▮ 3271, from your database as I do not wish to receive phone calls regarding this account. Please direct all future correspondence to the post office box address I have listed atop this letter.

Sincerely,

Nicholas Martin


**UNITED STATES POSTAL SERVICE**

Date: 02/04/2011

Nicholas Martin:

The following is in response to your 02/03/2011 request for delivery information on your Certified Mail(TM) item number 7006 2760 0002 9228 0816. The delivery record shows that this item was delivered on 02/04/2011 at 02:39 PM in CHICAGO, IL 60642 to C COMCAST. The scanned image of the recipient information is provided below.

Signature of Recipient:


Address of Recipient:


Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>CREDIT PROTECTION ASSOCIATION, L.P.,<br><br>     Defendant. | 1:11-cv-6828<br><br>Judge Hibbler<br><br>Magistrate Judge Ashman |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

Defendant Credit Protection Association, LP ("CPA" or "Defendant"), by its attorneys, David M. Schultz and Justin M. Penn, responds to the following requests for admissions, interrogatories, and document requests.

### RESPONSES TO REQUESTS FOR ADMISSION

1.      You used a Predictive Dialer to call 630-███3271 on January 19, 2011.

**ANSWER:**    CPA objects to this request to the extent it calls solely for a legal conclusion. Subject to and without waiving said objection, CPA denies the information contained in request no. 1.

2.      You played an Automated Message during a call to 630-███3271 on January 19, 2011.

**ANSWER:**    CPA objects to this request as unclear, vague and confusing because the term "Automated Message" is not sufficiently defined. Subject to and without waiving said objections, CPA lacks information sufficient to admit or deny the truth or falsity of the information contained in request no. 2. CPA states that the calls it placed to plaintiff included the use of prerecorded messages.

3.      You used a Predictive Dialer to call 630███3271 on February 11, 2011.

**ANSWER:** CPA objects to this request to the extent it calls solely for a legal conclusion. Subject to and without waiving said objection, CPA denies the information contained in request no. 3.

4. You played an Automated Message during a call to 630-███3271 on February 11, 2011.

**ANSWER:** CPA objects to this request as unclear, vague and confusing because the term "Automated Message" is not sufficiently defined. Subject to and without waiving said objections, CPA lacks information sufficient to admit or deny the truth or falsity of the information contained in request no. 4. CPA states that the calls it placed to plaintiff included the use of prerecorded messages.

5. You used a Predictive Dialer to call 630-███3271 on February 14, 2011.

**ANSWER:** CPA objects to this request to the extent it calls solely for a legal conclusion. Subject to and without waiving said objection, CPA denies the information contained in request no. 5.

6. You played an Automated Message during a call to 630-███3271 on February 14, 2011.

**ANSWER:** CPA objects to this request as unclear, vague and confusing because the term "Automated Message" is not sufficiently defined. Subject to and without waiving said objections, CPA lacks information sufficient to admit or deny the truth or falsity of the information contained in request no. 6. CPA states that the calls it placed to plaintiff included the use of prerecorded messages.

7. You used a Predictive Dialer to call 630-███3271 on February 16, 2011.

**ANSWER:** CPA objects to this request to the extent it calls solely for a legal conclusion. Subject to and without waiving said objection, CPA denies the information contained in request no. 7.

2

8.    You played an Automated Message during a call to 630- ███ 3271 on February 16, 2011.

ANSWER:    CPA objects to this request as unclear, vague and confusing because the term "Automated Message" is not sufficiently defined. Subject to and without waiving said objections, CPA lacks information sufficient to admit or deny the truth or falsity of the information contained in request no. 8. CPA states that the calls it placed to plaintiff included the use of prerecorded messages.

9.    You made each of the calls above in attempts to recover a "digital phone modem" for Comcast.

ANSWER:    Defendant admits that it was seeking to recover equipment from the plaintiff that belongs to Comcast when it called the plaintiff, and incorporates its responses to requests nos. one through eight.

10.    At the time of each of the calls above, Comcast had already received the "digital phone modem" that was the subject of the calls.

ANSWER:    Defendant denies the information contained in request no. 10.

11.    Comcast received the letter attached as the second page of Exhibit A, on or about February 2, 2011.

ANSWER:    Upon reasonable inquiry, the information known or readily available to it, renders CPA unable to answer request no. 11.

12.    CPA's dialers are "automatic telephone dialing systems" as defined by the Federal Communications Commission in its January 4, 2008 order.

ANSWER:    Defendant objects to this request as it contains only legal conclusions to which no response is required. Subject to and without waiving said objections, CPA denies the information in request no. 12.

13.    All messages left by CPA that included an Automated Message were "prerecorded messages" as that term is used in the TCPA.

**ANSWER:** Defendant objects to this request as it contains only legal conclusions to which no response is required. Subject to and without waiving said objections, CPA denies the information in request no. 13.

14.     There are more than 1,000 persons that fall within the following criteria: persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

> Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

**ANSWER:** CPA denies the allegations in request no. 14.

15.     There are more than 100 persons that fall within the following criteria: persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

> Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

**ANSWER:** CPA denies the allegations in request no. 15.

16.     As of responding the date of responding to this request for admission, defendant does not know whether or not it can prove prior express consent to have made calls using an automatic telephone dialing system or prerecorded or artificial voice, to more than 100 of the persons that fall within the following set:

> persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

**ANSWER:** CPA objects to this request as vague, confusing, unintelligible, and unclear. CPA also objects to the form of this request to the extent it assumes that there are any individuals in

4

the set of criteria included in it. Subject to and without waiving its objections, CPA denies the allegations contained in this paragraph as it understands it, and states that there are no individuals that fit the criteria set forth in the request.

17.    Defendant does not have a practice of obtaining documentary proof of "prior express consent" before it uses its Predictive Dialer to call phone numbers.

ANSWER:    CPA objects to this request as vague and confusing to the extent it uses undefined terms like "prior express consent" and "documentary proof" which are susceptible to multiple meanings. Subject to and without waiving said objections, CPA denies the allegations in request no. 17.

## ANSWERS TO INTERROGATORIES

1.    Identify all attempted and successful communications (including telephone calls) to and from plaintiff. Include the date and time of each (including calls or attempted calls), who or what dialed the number, all messages (prerecorded or live), all equipment and systems used, the telephone company(ies) that serviced line for each call, the Predictive Dialer that was used, the Prerecorded Message used.

ANSWER:    CPA objects as this interrogatory is vague and unclear as it includes the undefined phrase "all equipment and systems used." CPA further objects as this interrogatory to the extent it relies upon and assumes facts that are untrue, as CPA did not use a Predictive Dialer as that term is defined by the plaintiff. CPA further objects to this interrogatory as overly broad and unduly burdensome to the extent it seeks information that is irrelevant in that it is not reasonably calculated to the to the discovery of information relevant to damages or liability. Subject to and without waiving its objections, CPA directs Plaintiff to account notes, previously produced, and identified as CPA 000001-2. Defendant does not possess recordings of the calls made. Defendant will, however, provide a copy of the text of the messages left for plaintiff.

2.    Identify and explain all written and unwritten policies, practices and procedures concerning use of Predictive Dialers and Prerecorded Messages, going back to when you first considered using such, and ending at the present.

5

**ANSWER:** CPA objects to interrogatory no. 2 as overly broad and burdensome because it is not properly limited in time or scope and is irrelevant to the extent it seeks information not reasonably calculated to lead to the discovery of information on the issues of liability or damages. In addition, defendant objects to this Interrogatory to the extent it calls for a narrative response more appropriate for a deposition and to the extent it is an untimely contention interrogatory. Defendant also objects to this interrogatory as an improper contention interrogatory that is not timely at this point in the case. "[C]ontention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims. The general policy is to defer contention interrogatories until discovery is near an end." *Ziemack v Centel Co,* 1995 U.S. Dist. LEXIS 18192 (N.D. Ill. Dec. 6, 1995). Because discovery and claim investigation can change contentions and supporting information, contention interrogatories, if allowed at all, should be used only at the end of the discovery period. *In re: Convergent Technologies Securities Litigation,* 108 F.R.D. 328, 335 (N.D. Cal. 1985). Finally, CPA objects to the extent that this request calls for a narrative better suited to be answered in a deposition. Subject to and without waiving its objections, CPA did not use a Predictive Dialer as that term is defined by the plaintiff. CPA only calls numbers that are provided by the original creditor and that were provided by the debtor to them, that are provided by the debtor directly to CPA with consent to be called, or that were provided by other means and scrubbed to exclude mobile/cell phone numbers. CPA does not call cell/mobile numbers without consent of the individuals being called, and therefore does not leave messages on cell/mobile numbers without the express consent of the party called. CPA will also make a corporate representative available to discuss CPA's procedures for leaving messages in more detail.

3.      Identify and state the location and the person who has possession, custody or control of any document, data or information regarding your Predictive Dialer or Prerecorded Messages, that is not being produced because of any objection, privilege, or because you contend that such is not within your possession, custody or control.

6

**ANSWER:**    CPA objects to interrogatory no. 3 as vague and unclear.  Defendant also objects to the form of this interrogatory as improper is that it assumes that CPA has one individual who is in possession, custody or control of document, data or information responsive but being withheld.  Subject to and without waiving its objections, CPA states Lisa Pearson Duan is available to answer questions concerning any documents being withheld, if any.

4.    Identify each telephone call to each of the following set of persons:

persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

Note: if you contend that you are unable to provide a full response to this or any other request herein, please make the most complete response possible, and explain what the response includes, and is missing.

For purposes of this interrogatory, "identify" means to provide at least the following information: the number called, the person defendant was attempting to reach, the date and time of the calls, who or what dialed the telephone number, whether there was ever a human being on defendant's side of the telephone call, and what the outcome of the call was (e.g. whether the call was answered, an automated or manual message left). Please provide this information in a format that is accessible through Concordance software.

**ANSWER:**    CPA objects to interrogatory no. 4 as untimely in that no class has been certified. Subject to and without waiving its objections, CPA states none.

5.    For each of the following persons, identify all data, documents, testimony, information or anything else that supports any claim that you had that person's prior express consent to call using an "automatic telephone dialing system" or prerecorded or artificial voice, and explain precisely how such data, documents, testimony or information supports such claim for each such person:

persons with Illinois and Indiana phone numbers, who defendant or some person on its behalf called on their cell phone using a device that has the capacity to dial numbers without human intervention, where defendant played a message that had been recorded ahead of time, where defendant cannot show that it had the consent of the called party to make such a call, where any call was made between and including a date four years prior to the filing of this action.

7

> Note: if you contend that you are unable to provide a full response to
> this or any other request herein, please make the most complete
> response possible, and explain what the response includes, and is
> missing.

**ANSWER:** PA objects to interrogatory no. 5 as untimely in that no class has been certified. CPA also objects to the extent this interrogatory intends to seek or assert a legal conclusion in its use of the legal term "automatic telephone dialing system." Defendant also objects to this interrogatory as an improper contention interrogatory that is not timely at this point in the case. "[C]ontention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims. The general policy is to defer contention interrogatories until discovery is near an end." *Ziemack v. Cartel Co.*, 1995 US. Dist. LEXIS 18192 (N.D. Ill. Dec. 6, 1995). Because discovery and claim investigation can change contentions and supporting information, contention interrogatories, if allowed at all, should be used only at the end of the discovery period. *In re: Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 335 (N.D. Cal. 1985). Defendant incorporates its answer to interrogatory no. 2. Defendant also states that there are no persons who fit the criteria in this interrogatory.

6.    Identify and explain all policies, practices and procedures regarding use of automatic dialing systems, prerecorded voice messages and artificial voice messages and the complete history of each. Please include a detailed description of policy, practices or procedure the date it was first considered, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination. Please respond to this interrogatory without regard to time; in other words, disregard the timeframe set forth in the instructions for these requests. If any policy, practice or procedure changed over time, please explain the changes, and provide a timeline for such.

**ANSWER:** CPA objects to interrogatory no. 6 as overly broad and burdensome because it is not limited in time or scope and is irrelevant to the extent it seeks information not reasonably calculated to lead to the discovery of information on the issues of liability or damages. In addition, defendant objects to this interrogatory to the extent it calls for a narrative response more appropriate for a deposition and to the extent it is an untimely contention interrogatory. Defendant

8

also objects to this interrogatory as an improper contention interrogatory that is not timely at this point in the case. "[C]ontention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims. The general policy is to defer contention interrogatories until discovery is near an end." *Ziemack v Centel Co*, 1995 U.S. Dist. LEXIS 18192 (N.D. Ill. Dec. 6, 1995). Because discovery and claim investigation can change contentions and supporting information, contention interrogatories, if allowed at all, should be used only at the end of the discovery period. *In re: Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 335 (N.D. Cal. 1985). Finally, CPA objects to the extent that this request calls for a narrative better suited to be answered in a deposition. Subject to and without waiving its objections, CPA did not use a Predictive Dialer as that term is defined by the plaintiff. CPA has for the past four years only called numbers that are provided by the original creditor and that were provided by the debtor to them, that are provided by the debtor directly to CPA with consent to be called, or that were provided by other means and scrubbed to exclude mobile/cell phone numbers. CPA does not call cell/mobile numbers without consent of the individuals being called, has never done so, and therefore has never left messages on cell/mobile numbers without the express consent of the party called. CPA will also make a corporate representative available to discuss CPA's procedures for leaving messages in more detail.

7. Identify all documents, data and information that supports [sic] or refutes any claim or defense in this case, as to each class member, including plaintiff.

**ANSWER:** CPA objects to this interrogatory as untimely in that no class has yet been certified. Subject to and without waiving its objections, CPA states that there are no persons in the class as defined by the plaintiff, and the documents with respect to the plaintiff have been produced.

8. Identify any third party involved with use or implementation of your Dialer or use of Prerecorded or artificial voice messages. A complete response would include, for example, any supplier of Dialer software or hardware (e.g. Avaya), any person that makes or made calls on

9

130224699v1 0928092

your behalf during the class period (i.e. Soundbite or Livevox), and any person that supplied voice message services.

    **ANSWER:**    CPA objects to interrogatory no. 8, as it is vague and unclear because it does not define the term "Dialer." CPA further objects that this interrogatory is not properly limited in time or scope and seeks irrelevant information to the extent it is not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. Subject to and without waiving its objections, defendant states that it places its own calls, and that the name of the software that assists in making those calls is Dial Connection.

    9.    With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

    **ANSWER:**    CPA objects to interrogatory no. 9 as untimely. Subject to and without waiving its objections, CPA has not yet identified an expert, and it will provide this information requested in this interrogatory in a manner in accordance with the Federal Rules of Civil Procedure and this Court's orders.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

    1.    All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiffs' names [sic] or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

    **RESPONSE:** CPA hereby produces Plaintiff's account notes, identified as CPA 000001-2, and the work order, identified as CPA 003.

10

2. All documents showing, or relating to, any policies, practices or procedures concerning calling or attempting to call telephone numbers using a Predictive Dialer or Prerecorded Message. A full response would include manuals, memoranda and emails. Please search the most likely places for this information to exist, including the computer files of [sic].

RESPONSE: CPA objects to this request as overly broad, vague and unclear as it contains the terms that are subject to multiple and varied meanings, and as explained, CPA does not use a Predictive Dialer as that term is defined by the plaintiff, and therefore CPA states that it has no responsive documents to Plaintiff's request regarding a "Predictive Dialer." Subject to and without waiving said objections, defendant states none. Investigation continues.

3. All documents that support or refute any affirmative defense in this case.

RESPONSE: CPA hereby directs Plaintiff to documents identified as CPA 000001-20. CPA also refers to the court filings and records in the public record in the numerous cases filed by the plaintiff. Finally, defendant has documents that are proprietary and confidential that it objects to producing without a mutually agreeable confidentiality agreement or protective order.

4. All documents for any person responsive to interrogatory 4 and 5, including but not limited to identifying data, call records, prerecorded messages used and materials related to prior express consent.

RESPONSE: CPA objects to request no. 4 as untimely as no class has yet been certified. Subject to and without waiving its objections, CPA states it has no documents responsive to this request because there are no persons responsive to interrogatory nos. 4 and 5.

5. All documents, data or other materials referenced in your response to any discovery request in this case.

RESPONSE: CPA hereby produces documents identified as CPA 000001-20.

6. All documents, data or other materials you reviewed or referenced in responding to any discovery request in this case.

11

**RESPONSE:** CPA objects to request no. 6 to the extent it calls for documents protected by the attorney-client privilege. Subject to and without waiving its objections, CPA hereby produces documents identified as CPA 000001-20. Defendant has documents that are proprietary and confidential that it objects to producing without a mutually agreeable confidentiality agreement or protective order.

7.    All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Telephone Consumer Protection Act as they relate to making calls using a Predictive Dialer and/or Prerecorded Message.

**RESPONSE:** CPA objects to this request as overly broad, vague and unclear as it contains the terms that are subject to multiple and varied meanings, and as explained, CPA does not use a Predictive Dialer as that term is defined by the plaintiff, and therefore CPA states that it has no responsive documents to Plaintiff's request regarding a "Predictive Dialer." Subject to and without waiving said objections, defendant states none. Investigation continues.

8.    A copy of the complaint for any lawsuit against you for violation of the TCPA.

**RESPONSE:** CPA objects to request no. 8 as overly broad and unduly burdensome in that it is not limited in time, and irrelevant in that it is not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. CPA further objects as this information is equally available to the Plaintiff as it is to CPA, and CPA does not know of any reasonable method by which this information could be gathered. Subject to and without waiving said objections, defendant possesses no documents responsive to this request.

9.    A copy of any complaint (formal or informal), all supporting and internal documentation and your response, you or your attorneys have ever received that complains about calls using your Predictive Dialer and Prerecorded Messages, without regard to date.

12

**RESPONSE:** CPA objects to request no. 9 as overly broad and unduly burdensome in that it is not limited in time, and irrelevant in that it is not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages. CPA further objects as this information is equally available to the Plaintiff as it is to CPA to the extent it seeks public lawsuits, and CPA does not know of any reasonable method by which this information could be gathered. Subject to and without waiving said objections, defendant possesses no documents responsive to this request.

10.     All documents from ACA International or other trade publications or conferences that concern making automated telephone calls to debtors, including but not limited to fastfax, internet items to which you or your attorney had access, flyers, publications, emails, audio files and presentations.

**RESPONSE:** CPA objects to request no. 10 as vague, unclear, overly broad and not limited in time or properly limited in scope. CPA further objects to the extent this request seeks documents protected by the attorney-client privilege and completely unrelated to CPA or this litigation to the extent it seeks documents to which its attorney had access. CPA also objects to the extent this request seeks information that is confidential and proprietary and which cannot be produced without the permission of third parties not a party to this lawsuit. Subject to and without waiving said objections, defendant states that it is a member of the ACA and receives regular updates on current laws, like the TCPA. Defendant does not know of a reasonable business method by which to gather and produce these periodic updates. Defendant also participates in and attends conferences hosted by the ACA and others at which relevant law updates are provided and discussed. Again, defendant does not know of a reasonably business method by which any documents provided may be gathered and produced. Investigation continues.

11.     All documents from any source that concern the legality or propriety of making telephone calls to debtors using your Predictive Dialer, Prerecorded Message, an autodialer or a prerecorded or artificial voice.

13

**RESPONSE:** CPA objects to request no. 11 as vague, unclear, overly broad and not limited in time or properly limited in scope. CPA also objects to the extent this request seeks information that is confidential and proprietary and which cannot be produced without the permission of third parties not a party to this lawsuit. Subject to and without waiving said objections, defendant incorporates its response to request no. 10 above.

12.     All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

**RESPONSE:** CPA objects to request no. 12 as vague, overly broad, as it is not limited in time or scope. Subject to and without waiving said objections, defendant states none.

13.     All organizational charts of defendant showing personnel.

**RESPONSE:** CPA objects to request no. 13 as irrelevant in that it is not reasonably calculated to lead to the discovery of information admissible on the issues or liability or damages. Subject to and without waiving its objections, CPA states it has no documents responsive to this request.

14.     All organizational charts of defendant showing ownership and/or corporate structure.

**RESPONSE:** CPA objects to request no. 14 as irrelevant in that it is not reasonably calculated to lead to the discovery of information admissible on the issues or liability or damages.

15.     All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could determine whether a telephone number is or was a cellular telephone number.

**RESPONSE:** CPA objects to request no. 15 as overly broad and unduly burdensome in that it is not limited in time, and irrelevant to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible information. In

14

addition, defendant does not know of a reasonable business method by which to gather these documents.

16.     All documents concerning or relating to any effort, ever, by you to determine a process, policy or practice whereby you could use your Predictive Dialer or Prerecorded Message, and still comply with the TCPA.

RESPONSE: CPA objects to request no. 16 as overly broad and unduly burdensome in that it is not limited in time, and irrelevant to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible information. In addition, defendant does not know of a reasonable business method by which to gather these documents.

17.     All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

RESPONSE: CPA objects to request no. 17 because it is irrelevant as it has not tendered this claim to its insurance company. CPA will produce these documents if and when such a tender is made.

17.     All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

RESPONSE: CPA objects to the extent this request seeks information that is confidential and proprietary and which cannot be produced without the permission of third parties not a party to this lawsuit. Subject to and without waiving said objections, CPA refers to documents CPA 000001-20. Defendant has documents that are proprietary and confidential that it objects to producing without a mutually agreeable confidentiality agreement or protective order.

15

Case: 1:11-cv-06828 Document #: 30 Filed: 05/31/12 Page 41 of 51 PageID #:179

18.     All documents received from third parties that relate to this case, without regard to time. Responsive materials would include, for example, responses to subpoenas.

RESPONSE: CPA objects to request no. 19 to the extent that third parties include attorneys, in which case the information is protected by the attorney-client privilege. Subject to and without waiving said objections, defendant states it has not received any documents, other than those from its attorneys and from the plaintiff's attorneys, with respect to this case.

Respectfully submitted,

CREDIT PROTECTION ASSOCIATION, LP

By: _____
One of its Attorneys

David M. Schultz
Justin M. Penn
Matthew T. Glavin
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

16

## CERTIFICATE OF SERVICE

The undersigned states that he served the foregoing **Defendant's Responses to Plaintiff's First Discovery Requests** via regular mail on December 21, 2011 to Alex Burke at Burke Law Offices, LLC, 155 N. Michigan Avenue, Suite 9020, Chicago, IL 60601, by depositing it in the mail by 5:00 p.m.

UNDER PENALTIES AS PROVIDED BY LAW PURSUANT TO FEDERAL COURT RULE 28 USC SEC. 1746 I CERTIFY THAT THE STATEMENTS SET FORTH HEREIN ARE TRUE AND CORRECT.

Justin M. Penn

## VERIFICATION

The undersigned, Lisa Pearson-Duan, deposes and states that she has read the foregoing **Defendant's Responses to Plaintiff's First Discovery Requests** by her subscribed, and that the same are true and correct to the best of her knowledge and belief.

Name: Lisa Pearson-Duan

**ATTENTION:**

*This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return this original message to us at the above address via the U.S. Postal Service. Thank you.*

# Exhibit C



**CONFIDENTIAL**

NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

December 9, 2011

<u>**VIA FACSIMILE**</u>

Mr. Alexander H. Burke
Burke Law Offices, LLC
155 North Michigan Avenue
Suite 9020
Chicago, IL 60601
**Fax:** (312) 729-5289

> Re:    Martin v. Credit Protection Association, LP
> United States District Court for the Eastern District of PA
> Case No.: 1:11-cv-6828
> Comcast Case #: 330614-16

Dear Mr. Burke:

The Subpoena dated 12/1/2011 with respect to the above-referenced matter has been forwarded to the Legal Response Center for a reply. The Subpoena requests Comcast to produce certain subscriber records pertaining to the following: **Nicholas Martin, phone number 630 ▮- 3271 or account numbers** ▮▮▮▮▮ **or** ▮▮▮▮▮

The information requested under the Subpoena is governed by Section 631 of the Cable Communications Policy Act of 1984, 47 U.S.C. § 551. Under that statute, a cable operator is prohibited from disclosing personally identifiable information pertaining to a subscriber without the subscriber's express consent, except in limited circumstances as set forth in the statute. Under Section 551, a cable operator may not disclose such material pursuant to a subpoena except to a government entity in accordance with the provisions of subsection (c)(2)(D), which does not appear to apply to the current matter. In order for Comcast to disclose personally identifiable information to a private individual or entity, such as the one identified in your request, subsection (c)(2)(B) requires "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Accordingly, Comcast will not be able to release the requested information in the absence of a court order that complies with Section 551. For your information, a copy of Section 551 is enclosed.

As an alternative to providing Comcast with a court order under subsection (c)(2)(B) you may also provide us with a written consent from our subscriber to the disclosure of the information sought in the Subpoena. Upon our receipt of such a written consent, we would be able to reply with the responsive information available to us. Otherwise, in the absence of a court order or written subscriber consent, Comcast will be required to move to quash or otherwise object to the Subpoena. We hope that the time and expense associated with objecting to the Subpoena will be unnecessary in light of Comcast's willingness to comply with a court order or written subscriber consent.

Unless the Legal Response Center hears from you to the contrary in writing by the close of business 12/27/2011, Comcast will assume that you will provide a court order that satisfies subsection (c)(2)(B) or written customer consent in due course and that Comcast need take no further action at this time.

In connection with processing the Subpoena, the Legal Response Center has checked Comcast's records and determined that Comcast has limited information responsive to the Subpoena. Therefore, Comcast would be unable to provide responsive information to a court order seeking all of the information requested in the Subpoena.

**Please note that Comcast has no information on any communications with Credit Protection Association, LP regarding Nicholas Martin and account numbers** ███████ **or** ██████████ **Additionally, Comcast has no information for Nicholas Martin, phone number 630-███-3271. The telephone number is not registered to Comcast Communications. The current probable carrier for the telephone number is T-Mobile US-TSI**

If you need further assistance please feel free to call 866-947-8572.

Very truly yours,

Comcast Legal Response Center

47 USC § 551 (2002)

**§ 551. Protection of subscriber privacy**

(a) Notice to subscriber regarding personally identifiable information; definitions.

(1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--
(A) the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;
(B) the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;
(C) the period during which such information will be maintained by the cable operator;
(D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and
(E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.
In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

(2) For purposes of this section, other than subsection (h)--
(A) the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;
(B) the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and
(C) the term "cable operator" includes, in addition to persons within the definition of cable operator in section 602 [*47 USC § 522*], any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

(b) Collection of personally identifiable information using cable system.

(1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

(2) A cable operator may use the cable system to collect such information in order to--
(A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or
(B) detect unauthorized reception of cable communications.

(c) Disclosure of personally identifiable information.

(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

(2) A cable operator may disclose such information if the disclosure is--
(A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;
(B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;

(C) a disclosure of the names and addresses of subscribers to any cable service or other service, if—
(i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and
(ii) the disclosure does not reveal, directly or indirectly, the—
(I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or
(II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or
(D) to a government entity as authorized under chapters 119, 121, or 206 of title 18, United States Code [*18 USC § § 2510* et seq., *2701* et seq., or *3121* et seq.], except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

(d) Subscriber access to information. A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

(e) Destruction of information. A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

(f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy.

(1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

(2) The court may award—
(A) actual damages but not less than liquidated damages computed at the rate of $ 100 a day for each day of violation or $ 1,000, whichever is higher;
(B) punitive damages; and
(C) reasonable attorneys' fees and other litigation costs reasonably incurred.

(3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

(g) Regulation by States or franchising authorities. Nothing in this title [*47 USC § § 521* et seq.] shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

(h) Disclosure of information to governmental entity pursuant to court order. Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order—

(1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and
(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE [DISTRICT]

| | | |
|---|---|---|
| [NAME]. | ) | Civil Action No. [number] |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| [NAME], | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' Motion for Leave to Take Immediate Discovery and the supporting Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Comcast Cable Communications, LLC ("Comcast") to obtain the identity of [each John Doe Defendant] by serving a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure requesting the subscriber's name and address; provided, however, that said discovery shall be conditioned on: (a) Comcast having seven (7) calendar days after service of the subpoena to notify subscribers that their identity is sought by Plaintiffs; (b) each subscriber whose identity is sought having twenty one (21) calendar days from the date of such Comcast notice to file any papers contesting the subpoena; and (c) payment to Comcast by Plaintiffs of all reasonable costs of: (i) compiling the requested information; (ii) providing pre-disclosure notifications to subscribers; and (iii) all other reasonable costs and fees incurred responding to discovery. Comcast may provide notice using any reasonable means, including but not limited to written notice sent to the subscriber's last known address, transmitted either by first class mail or via overnight service.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the subpoena issued under Rule 45 of the Federal Rules of Civil Procedure may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under [nature of claims] as enumerated in the Complaint.

IT IS FURTHER ORDERED THAT any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.



## FACSIMILE TRANSMITTAL SHEET

| TO:<br>Mr. Alexander H. Burke | FROM:<br>Comcast Legal Response Center |
|---|---|
| COMPANY:<br>Burke Law Offices, LLC | DATE: |
| FAX NUMBER:<br>(312) 729-5289 | TOTAL NO. OF PAGES INCLUDING COVER: |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER:<br>330614-16 |
| RE:<br>Subpoena | YOUR REFERENCE NUMBER:<br>Case No.: 1:11-cv-6828 |

☐ URGENT  ☒ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Attached you will find Comcast's response to the above referenced Subpoena. If you have any questions regarding this matter, please contact the Legal Response Center at 866-947-8572.

Sincerely,

Comcast Legal Response Center