IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) ) | 1:11-cv-6828 |
| v. | ) ) | Judge Kennelly |
| CREDIT PROTECTION ASSOCIATION, L.P., | ) ) | |
| Defendant. | ) | |

**Defendant's Statement on Status of Parties' Joint Submission**

Defendant, CREDIT PROTECTION ASSOCIATION, LP ("defendant" or "CPA"), by its attorneys David M. Schultz and Justin M. Penn, and pursuant to this Court's June 5, 2012 Order, respectfully submits this Statement on the Status of Parties' Joint Status Submission:

1. The parties appeared on plaintiff's motion to compel defendant to supplement its discovery responses on June 5, 2012. Docket nos. 30 and 33. The Court denied plaintiff's motion without prejudice. Docket no. 33.

2. At the June 5, 2012 status, the Court directed the parties to discuss the issue of consent and come up with a Joint Submission to be filed by June 19, 2012. Docket no. 33. Counsel for the parties have extensively met and conferred, and while they have not been able to reach consensus about how the case should proceed, they were able to meet consensus on many issues, including that of what constitutes consent.

3. Defendant's counsel's recollection of how this Court directed the parties to proceed with the filing of the Joint Submission was to set forth what, if anything, the parties agreed upon, and then each party was permitted to submit how it proposed proceeding in light of the discussions and status of case.

4.      The parties' counsel exchanged over thirty emails on the issues in this case since June 14, 2012 alone, including the issues of what class is proceeding, what could be agreed upon, and what issues remain. In those emails, they were able to identify a handful of points on which they agreed, and a handful of points that one or the other party thought relevant, but for which there was a disagreement.

5.      On the afternoon of June 19, 2012, defendant's counsel sent over his portion of the Joint Submission that set forth the procedural history of the case, and defendant's suggested best manner in which to proceed. That submission was a little less than five pages. Defendant's intention was that the plaintiff would take that submission, include it with the prior draft that had been circulated, and file it.

6.      Plaintiff's counsel responded by explaining that this submission was not what he understood the Court to have wanted because it explained defendant's position with respect to the evidence at issue as it pertains to the defense of consent and class implications, accused defendant's counsel of proceeding in bad faith, and explained that he would not have time to respond to the defendant's submission before he left work for a family obligation.

7.      Defendant did not anticipate that the parties would be responding to each other's position statements, and understood the Court to want the parties to submit the points on which they agreed, attempting to crystallize issues on which the parties each believe there is not an agreement, and proposing the best and most efficient manner in which to resolve those issues in order to assist the resolution of the discovery issue presented by the class consent issue.

8.      In light of plaintiff's counsel's reaction and accusation that defendant's counsel is proceeding in bad faith, coupled with plaintiff's counsel's inability to meet and confer on the accusation, and out of an abundance of caution, defendant has not filed his portion of the submission.

9. Defendant's counsel does not intend to prejudice plaintiff in the eyes of this Court, and only intended to submit what it believes are the issues. The adversarial process certainly allows for both sides to be produced. In light of plaintiff's counsel's strenuous objection and accusations, defendant will try to work further to create a submission in which plaintiff's counsel may more fully set forth his position.

10. In the meantime, defendant obviously will follow any orders of this Court to the extent defendant misunderstood what was to be submitted.

Respectfully submitted,

One of CPA's Attorneys

By: /s/ Justin M. Penn
Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, Illinois 60601

## **CERTIFICATE OF SERVICE**

I, an attorney, hereby certify that on June 19, 2012, I electronically **Defendant's Statement on the Status of Parties' Joint Status Submission** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Justin M. Penn
Justin M. Penn
